UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DeWAYNE TILLMAN,

    Plaintiff,

v.

UNKNOWN ALFRED,
ET AL,

    Defendants.

_____/

Case No. 2:20-cv-12196
Hon. Paul D. Borman

**<u>OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL</u>**

This is a pro se prisoner civil rights case. Marcus DeWayne Tillman is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The case stems from a February 22, 2020, lumbar back surgery occurring at the Henry Ford Allegiance Hospital in Jackson, Michigan. Plaintiff asserts his Eighth Amendment rights were violated after he was transferred to the Duane Waters Medical Center for post-operative care. (ECF No. 1, Complaint.) The Complaint names twenty-nine Defendants. (*Id.*) As detailed below, the Court will summarily dismiss the Complaint for failure to state a claim as against eight of the Defendants, and the action will proceed with respect to the remaining twenty-one Defendants.

1

## I. Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that

it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## II. Complaint

The complaint names twenty-nine Defendants: (1) Physician's Assistant Alfred, (2) Nurse Anderson, (3) Nurse Bernstein, (4) Nurse Butler, (5) Nurse Donnelly, (6) Nurse Fayder, (7) Nurse Fairbanks, (8) Nurse Ferrara, (9) Nurse Flegel, (10) Nurse Lance, (11) Nurse Meyers, (12) Nurse Ozukwe, (13) Nurse Stilson, (14) Physician Yu Tan Shi, (15) Nurse Prater, (16) Nurse Whitaker, (17) Nurse Manier, (18) Nurse Roberts, (19) Nurse Reimer, (20) Nurse Clement, (21) Nurse Richle (22) Nurse Erwin, (23) Nurse Drceviecki, (24) Nurse Hill, (25) Nurse Meade, (26) Nurse Coffi, (27) Nurse Hilled, (28) Corizon Correctional Healthcare Inc., and (29) Michigan Department of Corrections. (ECF No. 1, Complaint.)

Plaintiff alleges that on February 22, 2020, he had lumbar back surgery at Henry Ford Allegiance Hospital in Jackson, Michigan. (*Id.* PgID 16, 18.) He was discharged on February 23, 2020, to the Duane Waters Medical Center, which is part of the Michigan Department of Corrections. (*Id.*) Plaintiff asserts that his discharge orders from Henry Ford directed that his surgical wound be cleaned, dressed, and changed four times each day. (*Id.*)

The Complaint catalogs Plaintiff's treatment by the various medical personnel assigned to his care at the Duane Waters facility from February 23, 2020, until his discharge on March 19, 2020. (*Id.* PgID 18-47.) Plaintiff asserts that his surgical wound was not treated at all until March 4, 2020, and from that date until his discharge he received a total of approximately six dressing changes. (*Id.*) Plaintiff asserts that the medical providers were aware of the discharge orders from Henry Ford, but acting with deliberate indifference towards his serious medical needs, they failed to follow the instructions. (*Id.*) Plaintiff asserts that due to Defendants' misconduct, his surgical wound became infected, causing unnecessary pain and suffering. (*Id.*) Plaintiff further asserts that the wound did not properly heal, resulting in continued pain. (*Id.*) Plaintiff seeks $1,000,000 in punitive, compensatory, and exemplary damages. (*Id.* PgID 50.)

### III. Discussion

The Eighth Amendment bans, as cruel and unusual, any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, a prison official acts with deliberate indifference when he or she acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839-840); *see also Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment" so that "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.")

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle*, 429 U.S. at 104-05; *Darrah v. Krisher*, 865 F.3d 361, 368-69 (6th Cir. 2017). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999). Nevertheless, treatment decisions that are "so woefully inadequate as to amount to no treatment at all" can be actionable under the Eighth Amendment. *Westlake*, 537 F.2d at 860 n. 5; *Miller v. Calhoun*, 408 F.3d 803, 820 (6th Cir. 2005)("'When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.'") (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002)).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance*, 286 F.3d at 842). Where a person is named as a defendant

without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *Id.*

Plaintiff acknowledges that his dressing was changed about six times during his approximately twenty-five-day stay at Duane Waters. But according to the Complaint, the order from Henry Ford required his wound to be cleaned and the dressing changed about 100 times during that same timeframe. At this earlier stage in the proceedings, and solely for purposes of screening the pro se complaint, the assertion that medical staff changed the dressing with a frequency far less than ordered by Henry Ford suffices to allege "medical care which is so cursory as to amount to no treatment at all." *Terrance*, 286 F.3d at 843.

Turning to the specific allegations made against each of the Defendants, and interpreting the pro se complaint liberally, Petitioner states a claim for deliberate indifference to a serious medical need with respect to twenty-one of the Defendants. Plaintiff alleges facts indicating that this set of Defendants were responsible for his care at Duane Waters, were aware of the order to clean his wound and change his dressing four times a day, but with deliberate indifference to this serious medical need, failed to treat him. These Defendants are said to have either completely ignored Plaintiff's complaints about the failure to provide wound care, they refused to treat the wound themselves, and/or they failed to alert the appropriate staff member to treat Plaintiff's wound. (See ECF No. 1, ¶ 7 (Alfred); ¶¶ 26-27, 32, 49-51, 71-74

7

(Anderson); ¶ 16 (Bernstein); ¶¶ 29, 35, 77 (Butler); ¶¶ 2, 43 (Donnelly); ¶¶ 11, 22 (Fairbanks); ¶¶ 18, 20-21, 25 (Ferrara); ¶ 72 (Flegel); ¶¶ 13, 15, 17, 23, 37, 39, 79, 82 (Lance); ¶ 4 (Meyers); ¶¶ 3, 19, 33, 41-42, 80-81 (Ozukwe); ¶¶ 10, 12, 14, 28 (Stilson); ¶¶ 30, 53, 57, 59, 61, 63 (Prater); ¶ 33 (Manier); ¶¶ 36, 54, 56, 60, 65 (Roberts); ¶¶ 44-45 (Clement); ¶¶ 47-48 (Erwin); ¶¶ 75, 78 (Drceviecki); ¶ 55 (Hill); ¶ 66 (Meade); ¶¶ 68, 70 (Coffi).)

Plaintiff, however, fails to allege facts in his Complaint indicating that several of the named Defendants acted with deliberate indifference to his wound care. With respect to three such Defendants, the only time they are alleged to have interacted with Plaintiff, he asserts that they treated his wound (though he claims they did so inadequately).  (See ECF No. 1, ¶ 9 (Fayder); ¶ 38 (Reimer); ¶ 46 (Richle).) Plaintiff's claims against these three Defendants suggest, at most, some form of medical malpractice in failing to clean Plaintiff's wounds before changing his dressing, and they fall short of indicating deliberate indifference.

Plaintiff makes no specific factual allegations with respect to two of the named Defendants (Whitaker and Hilled). He thus fails to state any claim for deliberate indifference against them.

Next, Plaintiff's only allegation against Defendant Dr. Yu Tan Shi, is that he changed Plaintiff's pain medication from Oxycodone and Norco to MS-Contin and Tylenol. (See ECF No. 1, ¶ 84.) Plaintiff does not state an Eighth Amendment

8

deliberate indifference claim on that basis. *See, e.g., Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003) (affirming dismissal of deliberate indifference claim based upon failure to prescribe requested pain medication where plaintiff had been prescribed pain medications, just not the ones he requested); *Greenman v. Prisoner Health Servs.*, No. 1:10-cv-549, 2011 WL 6130410, at *10 (W.D. Mich. Dec. 8, 2011) ("Plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed by [defendant physician] falls far short of supporting an Eighth Amendment claim.").

Plaintiff's claims against Defendant MDOC must also be dismissed. It is well established that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984)). As a state agency, MDOC is entitled to immunity from civil rights suits in federal court. *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001); *Adams v. Calhoun Cty.*, No. 18-1867, 2019 WL 3501815, at *2 (6th Cir. Apr. 24, 2019).

Finally, Plaintiff's claim against Defendant Corizon must be dismissed. It is well-settled that a corporation like Corizon cannot be held liable in a § 1983 suit under the theory of vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir.

1996) (*Monell's* bar to respondeat superior liability applies to private corporations such as Corizon that are performing services as an agent of the State and are therefore deemed to be state actors for purposes of § 1983). Rather, to state a claim of deliberate indifference against Corizon, Plaintiff must plead a claim of a specific policy, practice, or custom that "directly caused [him to suffer] a deprivation of federal rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997)); *see also Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *4 (E.D. Mich. Mar. 30, 2015) ("[T]o state a § 1983 '*Monell*' claim against Corizon, [Plaintiff] must identify a specific policy of Corizon's that 'directly caused [him to suffer] a deprivation of federal rights.'") (emphasis added). "An allegation, stated in a conclusory manner, that a governmental entity had a policy which caused an injury is insufficient where a specific policy or custom is not identified." *Jane v. Patterson*, No. 1:16 CV 2195, 2017 WL 1345242, at *6 (N.D. Ohio Apr. 12, 2017).

Plaintiff's complaint makes only a conclusory allegation that there is a "custom, practice and/or procedure put in place by the Corizon Correctional Healthcare Inc. of ignoring and/or changing the Medical orders of an inmate[']s prior treating physician and substituting lesser effective treatment knowing that it will cause the inmate to suffer needlessly." (See ECF No. 1, ¶ 86.) Plaintiff fails to identify any specific policy, practice, or custom with respect to post-operative care.

In the absence of any allegations connecting the alleged inadequate medical care for Plaintiff by the individually named Defendants to a specific policy, practice, or custom, Plaintiff fails to state a claim against Defendant Corizon.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss Defendants Fayder, Yu Tan Shi, Reimer, Richle, Whitaker, Hilled, Corizon Correctional Healthcare Inc., and Michigan Department of Corrections for Plaintiff's failure to state a claim against each of these Defendants.

The case will proceed with respect to Defendants Alfred, Anderson, Bernstein, Butler, Donnelly, Fairbanks, Ferrara, Flegel, Lance, Meyers, Ozukwe, Stilson, Prater, Manier, Roberts, Clement, Erwin, Drceviecki, Hill, Meade, and Coffi.

SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Court

Dated: September 4, 2020