UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DEWAYNE TILLMAN,

     Plaintiff,

v.

ALFRED, *et al.*,

     Defendants.

Case No. 2:20-cv-12196
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT, GRANT DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, DISMISS SUA SPONTE DEFENDANTS WHO
HAVE NOT APPEARED, AND DENY PLAINTIFF'S REQUEST TO
AMEND COMPLAINT CAPTION [ECF NOS. 31, 34, 42, 43]**

## I.    Introduction and Background

Plaintiff Marcus DeWayne Tillman, a prisoner proceeding pro se,

sues various employees of the Michigan Department of Corrections

(MDOC), alleging that defendants violated his Eighth Amendment rights.

ECF No. 1.  Before the Court are Tillman's motion for default judgment,

various defendants' motions for summary judgment, and Tillman's request

to amend the complaint case caption.  ECF No. 31; ECF No. 34; ECF No.

42; ECF No. 43.  The Honorable Paul D. Borman referred the case to the

undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b).  ECF

No. 14.

Tillman alleges that he had lumbar back surgery at Henry Ford Allegiance Hospital and that, after discharge, Defendants Danielle Alford, James Anderson, Tammy Berstein, Shanicka Butler, Shelley Clement, Stephanie Donnelly, Unknown Drceviecki, Brenden Erwin, Mackenzie Fairbanks, Mercedes Ferrara, Katherine Flegel, Tana Hill, Florence Koffi, Carol Lance, Kandyce Maier, Erica Manier, Katharine Meade, Tina Ozukwe, Denise Prater, Maggie Roberts, and Brittany Stilson were deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1]  ECF No. 1, PageID.16, 18.  He alleges that they did not treat and dress his wound properly and that his wound became infected due to their misconduct.  *Id.*, PageID.18-47.

For the reasons below, the Court recommends that Tillman's motion for default judgment be denied, defendants' motions for summary judgment be granted, Tillman's request to amend the complaint's case caption be denied, and defendants who have not appeared be dismissed sua sponte.

---

[1] The spelling of some defendants' names are corrections of how those names were spelled in Tillman's complaint.

2

## II.    Analysis

### A.

Tillman moves for default judgment as to Anderson, Berstein, Butler, Donnelly, Fairbanks, Ferrara, Flegel, Lance, Maier, Ozukwe, Stilson, Prater, Manier, Roberts, Clement, Erwin, Drceviecki, Hill, Meade, and Koffi because they filed "no appearance or response."[2]  ECF No. 31, PageID.203-204.  Tillman filed his complaint on July 28, 2020 and served some defendants on April 20, 2021.  ECF No. 1; ECF No. 17.  In July 2021, Tillman requested entry of default from the clerk of court, but the clerk denied his request because it "is a prisoner civil rights case" and "[a] clerk's entry of default will not be entered pursuant to 42 U.S.C. 1997e(g)."  ECF No. 27.

Under § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other facility under section 1983" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  Thus, "defendants have no obligation to reply to the complaint until ordered by the court."  *Stevenson v. MDOC*, No. 107-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. Apr. 23, 2007).  So the clerk

---

[2] Counsel for Defendant Danielle Alford—misidentified as "Alfred"—filed an appearance.  ECF No. 15.

properly denied Tillman's request for entry of default, and Tillman's motion for default judgment lacks merit.  *See Johnson v. Elum*, No. 4:20-CV-12422, 2021 WL 6884739, at *2 (E.D. Mich. June 21, 2021) (recommending that default judgment be denied under § 1997e(g)).  The motion should be denied.

**B.**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light

4

most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison.  *Woodford*, 548 U.S. at 93-94.  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90, 93 (emphasis in original).

The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance

does not fulfill the exhaustion requirement.  *Id.*; *see also Woodford*, 548 U.S. at 97.  Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

## C.

Defendants Anderson, Berstein, Donnelly, Fairbanks, Ferrara, Flegel, Ozukwe, Stilson, Prater, Roberts, Maier, Clement, and Meade move for summary judgment based on exhaustion.  ECF No. 34.  Defendants argue

that Tillman pursued three grievances through Step III of the grievance process and named only Flegel and Donnelly in the grievances.[3]   ECF No. 34, PageID.232; ECF No. 34-3, PageID.247-264.  And defendants assert that the grievances against Flegel and Donnelly did not exhaust claims because they were rejected as untimely.  ECF No. 34, PageID.232-233. The Court agrees with defendants and recommends that Tillman's claims against all defendants be dismissed without prejudice.

The MDOC Policy Directive 03.02.130 (effective March 18, 2019) has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.  ECF No. 34-2.  A prisoner must attempt to informally resolve the problem with the allegedly offending staff, and then may file a Step I grievance about any unresolved issues with a grievance coordinator.  *Id.*, PageID.241, ¶¶ Q, S. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.*, PageID.243, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no

---

[3] One of the grievances dealt with a doctor who was dismissed from this lawsuit.  *See* ECF No. 34-3, PageID.263; ECF No. 4.

response was received, within ten business days after the date the response was due.  *Id.*, PageID.244, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

In the first Step I grievance, number RGC-20-03-0324-28E, Tillman alleges that Donnelly gave him an enema and told him "to clean it up because she…was leaving" her shift.  ECF No. 34-3, PageID.258-259.  His grievance was denied at Step I, and the denial was affirmed at Step II.  *Id.*, PageID.257.  Tillman received the Step II response on May 14, 2020, and his Step III appeal was due by May 29, 2020.  *Id.*, PageID.255-256.  But Tillman did not mail his Step III appeal until June 9, 2020.  *Id*.  Even with "a grace period for standard mail," his Step III appeal was rejected as untimely when it arrived on June 15, 2020.  *Id.*, PageID.255.

In the second Step I grievance, number RGC-20-03-0450-28e, Tillman alleges that Flegel violated his medical needs because she was "telling the Doctor what to do" and told "him not to talk to me."  ECF No. 34-3, PageID.252.  The grievance was denied at Step I, and it was "rejected as untimely" at Step II.  *Id.*, PageID.251.  The decision to reject the grievance as untimely was upheld at Step III; the Step II appeal should have been filed by June 15, 2020, but the "grievance was not received at

8

Step II until June 29, 2020." *Id.*, PageID.250.

The grievances naming Donnelly and Flegel were untimely and thus Tillman did not properly exhaust them. "[P]roper exhaustion requires compliance with the grievance policy's requirements, including timeliness." *Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing *Vandiver v. Correctional Med. Servs., Inc.*, 326 Fed. App'x 885, 889 (6th Cir. 2009)). And those grievances did not exhaust claims against the defendants who were not named in them. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (noting that proper exhaustion under the MDOC's policies requires the plaintiff to "specify the names of each person from whom he seeks relief.").

Tillman claims that he put all defendants on notice by naming them in another rejected grievance identified as RGC-20-06-1514-28C. ECF No. 41, PageID.321-322, 336-340. But that grievance was also rejected as untimely. *Id.*, PageID.338. The Step II appeal was due on June 18, 2020 and Tillman did not submit it until July 6, 2020. *Id.*

Alford separately moved for summary judgment on exhaustion grounds on March 15, 2022. ECF No. 43. Tillman's response is overdue. E.D. Mich. LR 7.1(e). If there was a chance that Tillman could rebut Alford's motion, the Court would have given Tillman a chance to seek an

9

extension to file a response.  But because the evidence shows that Tillman

has not exhausted his administrative remedies against any defendant,

giving Tillman more time to respond would be futile.  The Court instead

recommends that both motions for summary judgment should be granted.

**D.**

Defendants Butler, Lance, Erwin, and Drceviecki have not been

served with the complaint and have not appeared in this case.  *See* ECF

No. 34, PageID.223, fn.1.  Even so, the claims against them should be

dismissed.  Although failure to exhaust is an affirmative defense, courts

have "held that where a plaintiff clearly fails to exhaust his administrative

remedies for claims asserted against defendants who have not appeared,

the Court may nonetheless dismiss the claims *sua sponte* pursuant to 28

U.S.C. §§ 1915(e)(2)(B) and 1915A."  *Coleman v. Snyder*, No. 17-11730,

2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018).  Sua sponte dismissal

is especially warranted when "the claims against non-appearing defendants

are the same as those against appearing-defendants."  *Id.  See also*

*Threatt v. Williams-Ward*, No. CV 15-12585, 2016 WL 6653013, at *6 (E.D.

Mich. July 13, 2016), *adopted*, 2016 WL 4607639 (E.D. Mich. Sept. 6,

2016) ("Threatt failed to exhaust his administrative remedies for his claims

against defendants who have not appeared, such that they should be sua

sponte dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.").  Tillman

asserts the same unexhausted claims against Butler, Lance, Erwin, and

Drceviecki as he did against the defendants who moved for summary

judgment, so the claims against Butler, Lance, Erwin, and Drceviecki

should be dismissed sua sponte.

### E.

Tillman also seeks permission to file an amended case caption for his

complaint under Rule 15(a).  ECF No. 42.  He failed to include the names

of nurses Reddy, Rally, and Mills in the caption of his complaint.  *Id.*,

PageID.343.

While leave to amend should be freely given when justice so

requires, leave should be denied "if the amendment is brought in bad faith,

for dilatory purposes, results in undue delay or prejudice to the opposing

party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.

2010) (citation and internal quotation marks omitted).  Prisoners fail to

properly exhaust their administrative remedies when they do not name

each person in the grievance or comply with grievance policy requirements,

such as timeliness.  *See Hannon*, No. 2:17-CV-33, 2018 WL 1141424, at

*1; *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The proposed defendant nurses were not named in any exhausted

11

grievances.  Thus, this Court finds that the proposed claims against the nurses were not exhausted and that Tillman's proposed amendment to the complaint case caption would be futile.

Tillman also failed to attach a complete proposed amended complaint with the case caption.  Tillman thus violated E.D. Mich. LR 15.1, which states, "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading . . . must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

Thus, the Court recommends that Tillman's request to amend the complaint caption, ECF No. 42, be **DENIED**.

### III.   Conclusion

For the reasons stated, the Court **RECOMMENDS** that:

- Tillman's motion for default judgment, ECF No. 31, be **DENIED**;

- Defendants' motions for summary judgment, ECF No. 34 and ECF No. 43, be **GRANTED**;

- Tillman's request to amend the complaint case caption, ECF No. 42, be **DENIED**; and

- Defendants Alford, Butler, Lance, Erwin, and Drceviecki be **DISMISSED SUA SPONTE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 22, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

13

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager