UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DEWAYNE TILLMAN,

    Plaintiff,

v.

DANIELLE ALFRED P.A., and 20
Michigan Department of Corrections
Defendants, ANDERSON R.N.,
BERNSTIEN R.N., BUTLER R.N.,
DONNELLY R.N, FAIRBANKS R.N.,
FERRARA R.N., FLEGEL R.N.,
LANCE R.N., MEYERS R.N.,
OZUKWE R.N., STILSON R.N.,
PRATER Nurse, ROBERTS Nurse,
MANIER Nurse, CLEMENT Nurse,
ERWIN Nurse, DRCEVIECKI Nurse,
HILL Nurse, MEADE Nurse, and
COFFI Nurse,

    Defendants.
_____/

Case No. 20-cv-12196

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE ELIZABETH A. STAFFORD'S
APRIL 22, 2022 REPORT AND RECOMMENDATION (ECF NO. 49);
(2) OVERRULING PLAINTIFF MARCUS DEWAYNE TILLMAN'S
OBJECTIONS (ECF NO. 52);
(3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF
NO. 31);
(4) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 34 AND 43);
(5) DISMISSING SUA SPONTE DEFENDANTS WHO HAVE NOT
APPEARED; AND
(6) DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT
CAPTION (ECF NO. 42)**

On April 22, 2022, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation to deny Plaintiff's motion for default judgment, grant Defendants' motions for summary judgment, dismiss sua sponte defendants who have not appeared, and deny Plaintiff's request to amend complaint caption (ECF Nos. 31, 34, 42, 43). (ECF No. 49, Report and Recommendation.) On June 13, 2022, Plaintiff Marcus DeWayne Tillman filed an objection to the Report and Recommendation. (ECF No. 52, Pl.'s Obj.) Defendant Danielle Alford filed a Response to Plaintiff's objection on June 30, 2022, and the MDOC Defendants filed a Response on July 1, 2022. (ECF No. 53, Alford Resp.; ECF No. 54, MDOC Defs.' Resp.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which specific and timely objections have been filed, OVERRULES Plaintiff's Objections, ADOPTS Magistrate Judge Stafford's April 22, 2022 Report and Recommendation, DENIES Plaintiff's motion for default judgment, GRANTS Defendants' motions for summary judgment, sua sponte DISMISSES defendants who have not appeared, DENIES Plaintiff's request to amend complaint caption, and DISMISSES this action WITHOUT PREJUDICE.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2020, Plaintiff Marcus Tillman filed a Complaint alleging that he had lumbar surgery at Henry Ford Allegiance Hospital on February 22, 2020, and that, after discharge, Defendants Danielle Alford, James Anderson, Tammy Berstein, Shanicka Butler, Shelley Clement, Stephanie Donnelly, Unknown Drceviecki, Brenden Erwin, Mackenzie Fairbanks, Mercedes Ferrara, Katherine Flegel, Tana Hill, Florence Koffi, Carol Lance, Kandyce Maier, Erica Manier, Katharine Meade, Tina Ozukwe, Denise Prater, Maggie Roberts, and Brittany Stilson were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (ECF No. 1, PageID.16, 18.) Tillman alleges that the defendants did not treat and dress his wound properly and that his wound became infected due to their misconduct. (*Id.*, PageID.18-47.)

Tillman subsequently moved for default judgment as to certain defendants because they filed "no appearance or response." (ECF No. 31.) Tillman also moved to amend the case caption, asserting that he had failed to include the names of nurses Reddy, Rally, and Mills in the caption of his complaint. (ECF No. 42.)

The MDOC Defendants filed a motion for summary judgment on the basis of exhaustion (ECF No. 34), and Defendant Alford separately filed a motion for summary judgment based on Plaintiff's failure to exhaust (ECF No. 43).

3

On April 22, 2022, Magistrate Judge Stafford issued a Report and Recommendation to deny Plaintiff's motion for default judgment, grant Defendants' motions for summary judgment, dismiss sua sponte defendants who have not appeared, and deny Plaintiff's request to amend the complaint caption. (ECF No. 49, Report and Recommendation.)

Plaintiff Tillman filed Objections to Magistrate Judge Stafford's Report and Recommendation. (ECF No. 52, Pl.'s Obj.) Tillman objects only to the Magistrate Judge's recommendation to grant the defendants' motions for summary judgment as to Defendants Stephanie Donnelly and Katherine Flegel. (*Id.*, PageID.463.) Tillman expressly does not object to the recommendations to deny Plaintiff's motion for default judgment, to sua sponte dismiss unserved Defendants Butler, Lance, Erwin, and Drceviecki, and to deny Plaintiff's request to amend the complaint caption to add Nurses Reddy, Rally and Mills to the caption. (*Id.*, PageID.462, 469.)

Defendant Alford and the MDOC Defendants have filed Responses in opposition to Plaintiff's Objections. (ECF Nos. 53. 54.)

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

4

2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

The Report and Recommendation recommends dismissing Plaintiff Tillman's claims for failure to exhaust administrative remedies. Before turning to the specific objections, the Court will briefly review the governing exhaustion rules.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with

6

the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective March 18, 2019) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. (ECF No. 34-2.) Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, and then may file a Step I grievance about any unresolved issues with a grievance coordinator within five business days of the attempted informal resolution. (*Id.* at ¶¶ Q, W.) If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. (*Id.* at ¶¶ U, DD.) If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same procedure. (*Id.* at ¶¶ U, HH.) The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. (*Id.*)

Defendants in this case presented summary judgment evidence that Plaintiff Tillman pursued three grievances through Step III of the grievance process, and that he named only Defendants Flegel and Donnelly and a doctor who was dismissed from this lawsuit in those three grievances. (ECF No. 34-3, MDOC Step III Grievance Report, PageID.248.) Specifically, as to the MDOC Defendants in this case, Grievance number RGC-20-03-0324-28E (Grievance 324), alleges that MDOC Defendant Donnelly gave Tillman an enema and told him "to clean it up because she … was leaving" her shift. (ECF No. 34-3, Grievance 324.) This grievance was denied at Step I and the denial was affirmed at Step II of the MDOC grievance process. (*Id.*, PageID.257.) Tillman's Step III appeal was due by May 29, 2020, but he did not mail his Step III appeal until June 9, 2020. (*Id.*) The Step III appeal was rejected as untimely, even with "a grace period for standard mail," when it arrived on June 15, 2020. (*Id.* PageID.255.)

Grievance number RGC-20-03-0450-28e (Grievance 450), alleges that MDOC Defendant Flegel violated Tillman's medical needs because she was "telling the Doctor what to do" and told "him [the doctor] not to talk to [Tillman]." (ECF No. 34-3, Grievance 450.) This grievance was denied at Step I and was "rejected as untimely" at Step II of the MDOC grievance process. (*Id.*, PageID.251.) The decision to reject Grievance 324 as untimely was upheld at Step III because the Step

8

II appeal should have been filed by June 15, 2020, but the "grievance was not received at Step II until June 29, 2020." (*Id.*)

The Magistrate Judge issued a Report and Recommendation that the Court find that Tillman failed to properly exhaust his administrative remedies against the Defendants via Grievances 324 or 450 because the grievances were untimely, and that Defendants' motions for summary judgment should be granted. (Report and Recommendation, PageID.449, citing *Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) ("[P]roper exhaustion requires compliance with the grievance policy's requirements, including timeliness.") (citing *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009)).)[1]

In his Objections to the Report and Recommendation, Tillman contests the rejections of Grievances 324 and 450 as untimely. He contends that he did not receive the Step II response to Grievance 324 from the grievance coordinator until June 9, 2020, and thus cannot be held accountable for the late Step III appeal. He also claims that he did not receive the Step II appeal form with respect to Grievance 450 until June 22, 2020, and thus cannot be held accountable for the late Step II

---

[1] The Report and Recommendation further stated that the grievances did not exhaust claims against the defendants who were not named in them, and Plaintiff Tillman stipulates in his Objections that he failed to exhaust administrative remedies against any defendants other than Donnelly and Flegel. (Pl.'s Obj. PageID.463.) Accordingly, Tillman concedes that he did not exhaust his administrative remedies against Defendant Alford and she is entitled to summary judgment based on exhaustion.

appeal of that grievance. Finally, he contends that during this time period, he was being transferred from Duane Waters Hospital to the Cotton Correctional Facility, and that this transfer and "mailing delays due to Covid pandemic, undoubtedly contributed to the delay in receiving responses for both grievances at issue here." (Pl.'s Obj. PageID.463-64.)

First, as the MDOC Defendants correctly state in their Response to Plaintiff's Objections, the MDOC Defendants argued in their motion for summary judgment that Tillman failed to exhaust any of his claims against the MDOC Defendants because the only two grievances that named an MDOC Defendant – Grievances 324 and 450 – were rejected as untimely. (ECF No. 34.) Tillman's response to the MDOC's motion for summary judgment failed to address that argument at all, and instead focused on a different grievance (Grievance number RGC-20-06-1514-28c (Grievance 1514)), a grievance which had not been completed to Step III of the grievance process when Tillman filed his complaint in this action. (ECF No. 41.) Tillman did not contest the rejections of Grievances 324 and 450 as to the MDOC Defendants until he filed his Objections to the Magistrate Judge's Report and Recommendation. However, issues raised for the first time in objections to a report and recommendation are deemed waived. *Udoko v. Cozens*, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases noting that "issues raised for the first time in objections to

10

magistrate judge's report and recommendation are deemed waived")); *see also Doss v. Corizon Med. Corp.*, No. 21-1423, 2022 WL 1422805, at *3 (6th Cir. Mar. 15, 2022) (finding that plaintiff forfeited his argument raised for the first time in his objections to the magistrate judge's report and recommendation). "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court." *Childress v. Michalke*, No. 10-cv-11008, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (internal citation and quotation marks omitted); *Murr*, 200 F.3d at 902 n.1. Therefore, Tillman's failure to raise arguments regarding the timeliness of Grievances 324 and 450 before Magistrate Judge Stafford constitutes a waiver of those arguments, and his Objections are overruled for that reason.

Notwithstanding Tillman's waiver, his Objections still fail because he has failed to produce any evidence to support his claims that he did not receive the appeal forms timely, or that the MDOC otherwise incorrectly rejected the two grievances as untimely. He instead relies only on his unsupported assertions in his Objections and conjecture regarding possible vague delays attributable to his transfer from the hospital and the Covid pandemic. Defendants have presented summary judgment evidence that Grievances 324 and 450 were rejected as untimely, and that Tillman

11

has therefore failed to exhaust his administrative remedies, and Tillman has failed to produce any evidence to create a genuine issue of material fact preventing summary judgment for Defendants. His Objections therefore are overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objections (ECF No. 52);

**(2) ADOPTS** Magistrate Judge Stafford's April 22, 2022 Report and Recommendation (ECF No. 49);

**(3) DENIES** Plaintiff's Motion for Default Judgment (ECF No. 31);

**(4) GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 34 and 43);

**(5) DISMISSES** sua sponte Defendants who have not appeared;

**(6) DENIES** Plaintiff's request to amend complaint caption to add nurses Reddy, Rally and Mill to the caption (ECF No. 42); and

**(7) DISMISSES** this case **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: July 15, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge